UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 13-205 |
| MORRIS SUMMERS | SECTION "E" (2) |

## ORDER AND REASONS ON MOTIONS

This is a prosecution of 12 defendants who are allegedly members of "Ride or Die," which the grand jury has accused is a gang of crack cocaine dealers who employed murder and firearms in drug trafficking. Two discovery motions filed by defendant Morris Summers are pending before me: (1) Defendant's Motion for Disclosure of Confidential Informants, Record Doc. No. 256; and (2) Defendant's Motion for Early Disclosure of <u>Jencks</u> Material and Timely Disclosure of <u>Brady/Giglio</u> Material, Record Doc. No. 257. While Summers is <u>not</u> charged with personally having committed a crime of violence, he is charged in two conspiracy counts, including conspiracy to possess firearms during and in relation to crimes of violence and drug trafficking. The government filed a timely written opposition memorandum. Record Doc. No. 259. Having considered the record, the applicable law and the written submissions of counsel, both motions are DENIED for the following reasons.

"What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish

information of violations of law to officers charged with enforcement of that law." Roviaro v. United States, 353 U.S. 53, 59 (1957).  The privilege protects "the public interest in effective law enforcement." Id.  By preserving the anonymity of citizens who provide information, the privilege encourages citizens to perform their obligation of communicating to law enforcement their knowledge of the commission of crimes, id., and seeks to protect them by "'mak[ing] retaliation impossible.'" Brock v. On Shore Quality Control Specialists, Inc., 811 F.2d 282, 284 (5th Cir. 1987) (quoting Writz v. Cont'l Fin. & Loan Co. of West End, 326 F.2d 561, 564 (5th Cir. 1964)). The privilege "protects more than just the name of the informant and extends to information that would tend to reveal the identity of the informant." United States v. Napier, 436 F.3d 1133, 1136 (9th Cir. 2006).

In Roviaro, the United States Supreme Court "established a 'balancing of interests' test for determining when the informer's privilege attaches." Brock v. On shore Quality control Specialists, Inc., 811 F. 2d 282, 283 (5th cir. 2004). "To determine whether disclosure is required, we balance the government's interest in nondisclosure against the [defendant's] interest in disclosure." In re: Kleberg County, Texas, 2004 WL 75455, *3 (5th Cir. 2004) (citing Roviaro, 353 U.S. at 62).  In addition, "the informer's right to be protected against possible retaliation" must also be considered. Brock, 811 F.2d at 283. The Fifth Circuit has described the required balancing as a three-part test: The court

examines 1) the informant's degree of involvement in the crime, 2) the helpfulness of the disclosure to the defense, and 3) the Government's interest in nondisclosure. <u>United States v. Vizcarra–Porras</u>, 889 F.2d 1435, 1438 (5th Cir.1989), <u>cert. denied</u>, 495 U.S. 940 (1990).

As with all privileges, the party seeking to overcome its protection, defendant in this case, bears the burden of doing so, and in the context of the informer's privilege, the burden includes demonstrating that disclosure is "'essential to a fair determination of a cause.'" <u>Kleberg County</u>, at *3 (citing <u>Roviaro</u>, 353 U.S. at 60-61).

In this instance, defendant has failed to sustain his burden of making a showing necessary to overcome the government's privilege. Defendant's motion papers weakly speculate, without support, that "the defense <u>avers</u> that it is likely that one or more of the alleged drug transactions in this case involves an informant." Record Doc. No. 256-2 at p. 3. This kind of unsubstantiated speculation is insufficient to establish either that any informant was a participant in the charged offenses or that disclosure would be helpful – much less essential – to the defense. In addition, the government has a substantial interest in nondisclosure in this case, including the interest of precluding retaliation against any informant. The charges against defendants in this case include conspiracy involving four murders, ten attempted murders and use of firearms in a drug trafficking enterprise, in circumstances alleging defendant's involvement in criminal gang activity.

This is a factor in the balancing test that weighs heavily against disclosure in this case. In light of defendant's failure to make the showing necessary to overcome the government's privilege, the balancing test clearly weighs against granting defendant's motion for disclosure of the requested information concerning informants.

As to defendant's request for early disclosure of Jencks Act, <u>Brady</u> and <u>Giglio</u> materials, both 18 U.S.C. §3500(b) and Fed. R. Crim P. 26.2(a) require production of statements fitting these categories only "[a]fter a witness . . . has testified on direct examination" (emphasis added). While defendant is certainly correct that the court has inherent, discretionary authority to order the early disclosure he seeks in this case, I decline to exercise that authority, especially given the widespread, violent, extensive, conspiratorial and organized nature of the offenses charged. For the 34 years during which I have worked in or around this court, its judges have engaged in the salutary practice of requiring early disclosure of these kinds of materials by including a provision in their final pretrial orders requiring government production to defendant on the Friday before a Monday trial.

A status conference before the presiding district judge is currently scheduled for December 15, 2014, Record Doc. No. 254, with the final pretrial conference scheduled for January 7, 2015, before a March 16, 2015 trial date. Record Doc. No. 179. If the presiding district judge, given all the circumstances of this case, determines at one of

those conferences that an earlier-than-usual deadline for disclosure of Jencks and/or Brady/Giglio materials is appropriately set in this case, she may do so at that time. At present, however, defendant has advanced no persuasive reason for the months-long early departure from this court's long-standing practice that he has requested.

For all of the foregoing reasons, defendant's motions are DENIED.

New Orleans, Louisiana, this \_\_\_3rd\_\_\_ day of December, 2014.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE